■ In the Matter of RITA A. LEIBERT, Petitioner, v N.Y. STATE OFFICE OF TEMPORARY AND DISABILITY ASSISTANCE et al., Respondents. [833 NYS2d 46]—

Determination of respondent Office of Children and Family Services dated July 28, 2004, which, after a fair hearing, affirmed the determination of respondent New York City Administration for Children's Services denying petitioner's application for special foster care payments, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Joan A. Madden, J.], entered July 1, 2005) dismissed, without costs.

Eligibility for payments for special foster care services is governed by 18 NYCRR 427.6 (c). Although petitioner does not clearly state which paragraph of this subdivision she is asserting, the only two that could possibly apply are paragraph (2), where the child, as a result of "pronounced physical conditions," has been certified by a physician as requiring a "high degree of physical care," and paragraph (4), where the child has been diagnosed by a psychiatrist or psychologist as being "moderately developmentally disabled, emotionally disturbed or having a behavioral disorder" to such extent as to require a "high degree of supervision." Absent evidence of any such certification or diagnosis, it cannot be said that the subject determination was irrational (*see Matter of Jennings v New York State Off. of Mental Health*, 90 NY2d 227, 240 [1997]). The psychiatric evaluation to which petitioner now refers was not presented at the administrative level and therefore may not now be considered (*see Matter of Rizzo v New York State Div. of Hous. & Community Renewal*, 6 NY3d 104, 110 [2005]). We have considered petitioner's other arguments, including that she was not given an opportunity to present this and other documents, and find them unavailing. Concur—Tom, J.P., Williams, Buckley, Gonzalez and Sweeny, JJ.